**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CRAIG RUMPH**<br>3521 North 7th Street<br>Philadelphia, PA 19140<br><br>Plaintiff<br><br>vs.<br><br>**NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK)**<br><br>Defendant | : | CIVIL ACTION<br><br>**JURY TRIAL DEMANDED**<br><br>NO. |

**COMPLAINT**

1. The plaintiff herein is Craig Rumph, a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 3521 North 7th Street, Philadelphia, Pennsylvania 19140.

2. This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act".

3. The defendant is a corporation duly organized and existing under and by virtue of the laws of the United States of America and regularly does business in the Eastern District of Pennsylvania.

4. At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

5. At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with, and under the control of, the defendant.

6. At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7. At all times material hereto, plaintiff was employed by defendant National Railroad Passenger Corporation as a trackman.

8. All of the property, equipment and operations involved in the incident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

9. As a result of the incident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and may suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and may undergo the same for an indefinite time in the future; has been obliged to and may have to continue to expend large sums of money in the future in an effort to effect a cure of his injuries, and has been unable to attend to his usual duties and occupation since the date of his work injury.

10. The incident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

11. The incident described below was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers' Liability Act" and was due in no manner whatsoever to any act or failure to act on the

part of the plaintiff.

12. On or about Thursday, February 12, 2026 at approximately 6:50 a.m., and for some time prior thereto, plaintiff was employed by defendant Amtrak as a trackman.

13. On the aforementioned date, and at the aforementioned time, plaintiff went on duty at 6:00 a.m. at the defendant's Penn Coach Yard at 30th Street Station in Philadelphia.

14. After going on duty, plaintiff then had to report for a job briefing at approximately 6:50 a.m.

15. In order to do so, plaintiff was required to walk through a temporary construction zone at the defendant's Penn Coach Yard where a temporary walkway constructed of rock had been placed. The subject rock walkway was covered with ice which had not been treated with any salt, sand or cinders.

16. As plaintiff was walking on the walkway, he was caused to slip and fall sustaining the severe and permanent injuries described below.

17. As a result of the negligence of the defendant, its agents, servants, workmen and/or employees including, but not limited to, failing to provide a safe and suitable walkway through the construction zone; failing to inspect and remove ice; failing to properly treat the temporary walkway to remove ice by applying salt, calcium chloride or cinders; failing to properly grade the temporary designated walking areas so as to prevent the accumulation of ice; failing to prevent and remove slipping hazards from the subject designated walking areas; failing to implement and enforce a Job Safety Analysis for the assigned task; and failing to warn the plaintiff of the aforesaid dangerous conditions, plaintiff sustained severe and permanent injuries described below.

18. Plaintiff has sustained serious and permanent injuries to his left knee and left leg including, but not limited to, a complete tear of the distal quadriceps tendon, hematoma, and

damaged medial and lateral retinaculum all of which required surgical repair on March 17, 2026. As a result of such injuries, plaintiff may now be at an increased risk of post-traumatic arthritis and other complications. Some or all of the plaintiff's injuries may be permanent in nature and the full extent of the plaintiff's injuries is not presently known.

**WHEREFORE**, plaintiff claims of the defendant, a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

Respectfully submitted,

**COFFEY KAYE MYERS & OLLEY**

BY: Michael J. Olley

MICHAEL J. OLLEY, ESQUIRE
Attorney I.D. No. 56118
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
Telephone: 610-668-9800
Fax: 610-667-3352
Attorney for Plaintiff Craig Rumph

Dated: 11/16/2026